15-3710-bk
*John Nagle Co. v. McCarthy*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
                   SUSAN L. CARNEY,
                   CHRISTOPHER F. DRONEY,
                              *Circuit Judges.*

---

IN RE: THE COUSINS FISH MARKET, INC.,

       *Debtor.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOHN NAGLE CO.,

       *Appellant,*                                        No. 15-3710-bk

       v.

WILLIAM J. MCCARTHY, AS THE CHAPTER 7 TRUSTEE TO BANKRUPTCY ESTATE OF THE COUSINS FISH MARKET, INC.,

       *Appellee.*

---

**FOR APPELLANT:**                                 JOSEPH S.U. BODOFF, Rubin and Rudman LLP, Boston, MA.

**FOR APPELLEE:**                              CHRISTIAN H. DRIBUSCH, The Dribusch
                                                Law Firm, East Greenbush, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 14, 2015 judgment of the District Court is **AFFIRMED**.

Appellant John Nagle Co. ("Nagle") appeals from a judgment of the District Court affirming a judgment of the United States Bankruptcy Court for the Northern District of New York (Robert E. Littlefield, Jr., *Judge*). *See John Nagle Co. v. McCarthy*, 539 B.R. 205 (N.D.N.Y. 2015). The Bankruptcy Court had entered judgment in an adversary proceeding against Nagle, a fish-and-seafood wholesaler, and in favor of appellee William J. McCarthy (the "trustee"), the Chapter 7 trustee to the bankruptcy estate of the Cousins Fish Market, Inc. ("Cousins"), in the amount of $109,325.01 plus costs and interest, after ruling that certain transfers from Cousins to Nagle were avoidable preferences under 11 U.S.C. § 547(b).

On appeal, Nagle principally argues that the Bankruptcy Court erred by (1) excluding certain documentary evidence and witness testimony from the bench trial; and (2) concluding that Nagle failed to prove its two affirmative defenses under 11 U.S.C. § 547(c)(1) and (c)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we reject Nagle's appeal as meritless.

First, we conclude that the Bankruptcy Court did not abuse its discretion in excluding evidence from the bench trial that had not been produced to the trustee during discovery. After conducting a hearing on the trustee's motion *in limine*, the Bankruptcy Court articulated the factors from *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006), and considered each *seriatim*. The Bankruptcy Court found that, although the new evidence was important to Nagle because Nagle would be unlikely to prove its affirmative defenses without it, the other three factors weighed in favor of exclusion: The Bankruptcy Court found that Nagle had failed to meaningfully explain why the evidence was not produced or disclosed; that prejudice to the trustee would be great given that discovery had been closed for more than three months despite previous extensions; and that a continuance would be inopportune because the bench trial was scheduled to commence in only two weeks and pretrial statements were due in less than one week. As for the proposed witness testimony at issue, the Bankruptcy Court found that it would be improperly based on undisclosed evidence, not personal knowledge. Based on the Bankruptcy Court's findings, and our independent review of the record, we cannot say that the Bankruptcy Court abused its discretion in excluding the documentary evidence and related witness testimony.

2

Second, we conclude that the Bankruptcy Court—based on the limited record evidence resulting from the above rulings—did not err in ruling that Nagle failed to establish its affirmative defenses. *See* 11 U.S.C. § 547(g) ("[T]he creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section.").

With respect to the contemporaneous-exchange-for-new-value defense, the Bankruptcy Court did not err in concluding that Nagle failed to prove the requisite intent. *See id.* § 547(c)(1). As the Bankruptcy Court pointed out, Nagle introduced no testimony or contractual terms governing the transfers. And although reasonable inferences of intent can be drawn from the invoices and corresponding checks between the parties, we cannot say in these circumstances that the Bankruptcy Court's finding that Nagle failed to prove intent was clearly erroneous. *See Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 316 (2d Cir. 2003) (explaining that the clearly erroneous standard "applies [after a bench trial] whether . . . findings are based on witness testimony, or on documentary evidence, or on inferences from other facts" and that "[i]n reviewing findings for clear error, we are not allowed to second-guess . . . the trial court's . . . choice between permissible competing inferences"). Accordingly, the Bankruptcy Court did not err in ruling that Nagle failed to prove the defense.

With respect to the ordinary-course-of-business defense, the Bankruptcy Court did not err in concluding that Nagle failed to prove a sufficient baseline of prior dealings between the parties. *See* 11 U.S.C. § 547(c)(2). The Bankruptcy Court found that Nagle had submitted 44 invoices, but that 37 of these were dated within the preference period (July 28, 2009 to October 26, 2009), and the remaining 7 were dated within the week before the preference period; and that only 2 of the checks tendered by Cousins were dated before the preference period. The Bankruptcy Court further found a lack of evidence of when payments were due during the pre-preference period or of an agreement between the parties that showed the terms of the transfers or what was expected of the parties. Based on the Bankruptcy Court's findings, which were not clearly erroneous, and the paucity of evidence regarding pre-preference-period transfers, we agree with the Bankruptcy Court that Nagle failed to prove that the transfers at issue were made in the ordinary course of business or according to ordinary business terms. *See id.* Accordingly, the Bankruptcy Court did not err in ruling that Nagle failed to prove the defense.

## CONCLUSION

We have considered all of the appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the October 14, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3